STEPHEN S. WU, SBN 205091
ssw@svlg.com
MARC G. VAN NIEKERK, SBN 201329
mvn@svlg.com
**SILICON VALLEY LAW GROUP**
1 North Market Street, Suite 200
San Jose, CA 95113
Telephone: (408) 573-5700
Facsimile: (408) 573-5701

HILLARD M. STERLING (*Pro Hac Vice* Motion forthcoming)
hsterling@ralaw.com
KARMAN S. BAINS (*Pro Hac Vice* Motion forthcoming)
kbains@ralaw.com
**ROETZEL & ANDRESS, LPA**
10 N. Madison St., Suite 3000
Chicago, IL 60602
Telephone: (312) 962-8082
Facsimile: (312) 580-1201

Attorneys for Defendant
CONVERSENOW TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELIZA TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONVERSENOW TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 4:25-cv-00990-SI<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF**<br><br>Date: May 16, 2025<br>Time: 10:00 a.m. (via Zoom)<br>Ctrm.: 1, 17th Floor<br>Judge: Hon. Susan Illston<br><br>Class Action Complaint Filed: January 30, 2025 |

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 16, 2025, at 10:00 a.m. or a date thereafter that is convenient for the Court, in Courtroom 1, 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Susan Illston presiding, Defendant ConverseNow Technologies, Inc. ("ConverseNow" or "Defendant") will move this Court for an Order dismissing this action, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

Defendant is a software vendor of Domino's Pizza, Inc. ("Domino's"), whose artificial intelligence system chats with Domino's customers using an automated voice to take orders for pizzas. Plaintiff's claims are based on the alleged "interception" of communications with the automated voice, supposedly in violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631-632.

Plaintiff, however, does not and cannot plausibly state claims under Sections 631 and 632, because she cannot allege the essential elements of: (1) a "third-party" eavesdropper, (2) "interception" of communications, (3) Defendant's use of the alleged recordings for its own benefit, and (4) "intent" to intercept communications in violation of these sections. The Section 632 claim also fails for lack of allegations regarding the additional essential element of a "confidential communication." Therefore, both Counts of the Complaint, Count I and Count II, fail as a matter of law. Moreover, any amendment would be futile. Accordingly, the Court should dismiss the entire Complaint with prejudice.

//

//

//

//

//

//

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, all the matters filed with the Court and such other evidence or argument as may be submitted and considered by the Court.

Respectfully submitted,

Dated: March 24, 2025 SILICON VALLEY LAW GROUP

By: */s/ Stephen S. Wu*
Stephen S. Wu
Marc G. van Niekerk
Attorneys for Defendant
CONVERSENOW TECHNOLOGIES, INC.

**STATEMENT OF RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant seeks an order dismissing the Class Action Complaint filed by Eliza Taylor ("Taylor" or "Plaintiff") in its entirety for failure to state a claim upon which relief can be granted.

Respectfully submitted,

Dated: March 24, 2025 SILICON VALLEY LAW GROUP

By: */s/ Stephen S. Wu*
Stephen S. Wu
Marc G. van Niekerk
Attorneys for Defendant
CONVERSENOW TECHNOLOGIES, INC.

# TABLE OF CONTENTS

Page(s)

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………………9

I. INTRODUCTION……………………………………………………………………..9

II. RELEVANT PROCEDURAL BACKGROUND………………………………………10

III. STATEMENT OF ALLEGED FACTS…………………………………………….....11

IV. ARGUMENT……………………………………………………………………….....12

A. The Standards for Dismissal Under FRCP 12(b)(6)……………………………12

B. Plaintiff Fails to State a Plausible Claim Under CIPA Section 631…………….13

1. Plaintiff Cannot State a Plausible Section 631 Claim Because ConverseNow, a Software Vendor, is an Extension of its Client Domino's, Not a "Third Party" to the Alleged Communications……….13

2. Plaintiff Does Not – And Cannot – Allege That ConverseNow has "Intercepted" the Communications in "Real Time"………………...15

3. Plaintiff has Failed to Adequately Allege that ConverseNow Uses the Allegedly Intercepted Communications for Independent Purposes………………………………………………………………17

4. Plaintiff Fails to Plead the Requisite Intent Allegations Required by Section 631(a)……………………………………………………..19

C. Plaintiff Fails to State a Plausible Claim Against ConverseNow for Alleged Violations of Section 632………………………………………………………….19

D. Any Amendment to the Complaint Would be Futile……………………………22

V. CONCLUSION………………………………………………………………………….22

# TABLE OF AUTHORITIES


Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)……………………………………………………………...12, 13

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)……………………………………………………………...12, 13

*Byars v. Hot Topic, Inc.*
656 F. Supp. 1051 (C.D. Cal. 2023)…………………………………………………….14

*Campbell v. Facebook, Inc.*
77 F. Supp. 3d 836 (N.D. Cal. 2014)……………………………………………………21

*Cervantes v. Countrywide Home Loans, Inc.*
656 F. 3d 1034 (9th Cir. 2011)………………………………………………………..22

*Cody v. Boscov's*
658 F. Supp. 779 (C.D. Cal. 2023)……………………………………………………...14

*Cody v. Lacoste*
No. 8:23-cv-00235-SSS-DTBx. 2024 U.S. Dist. LEXIS 135843 (C.D. Cal. July 30, 2024)……………………………………………………………………...16

*Cody v. Ring LLC*
718 F. Supp. 3d 993 (N.D. Cal. 2024)………………………………………..15, 16, 18

*Davis v. Facebook, Inc. (In re Facebook Inc. Internet Tracking Litig.)*
956 F. 3d 589(9th Cir. 2020)…………………………………………………………….13

*Esparza v. Gen. Digit. Inc.*
No. cv23-8223-KK-AGRx,.2024 U.S. Dist. LEXIS 28132 (C.D. Cal. Jan. 16, 2024)…16

*Faulkner v. ADT Sec. Servs., Inc.*
706 F. 3d 1017 (9th Cir. 2013)………………………………………………………..20

*Graham v. Noom, Inc.*
533 F. Supp. 3d 823 (N.D. Cal. 2021)……………………………………14, 17, 18, 20

*Heeger v. Facebook, Inc.*
No. 18-cv-06399-JD, 2019 U.S. Dist. LEXIS 222520 (N.D. Cal. Dec. 27, 2019)……...15

*Ileto v. Glock, Inc.*
349 F. 3d 1191 (9th Cir. 2003)………………………………………………………..12

Page(s)

*In re Facebook, Inc. Internet Tracking Litig.*
956 F. 3d 589 (9th Cir. 2020)……………………………………………………………18

*In re Google Inc. Gmail Litig.*
2013 U.S. Dist. LEXIS 172784 (N.D. Cal. 2013)…………………………………………21

*Javier v. Assurance IQ, LLC*
649 F. Supp. 3d 891 (N.D. Cal. 2023)……………………………………………………..17

*Johnson v. Lucent Techs., Inc.*
653 F. 3d 1000 (9th Cir. 2011)……………………………………………………………..12

*Jones v. Tonal Sys.*
No. 3:23-cv-1267-JES-BGS, 2024 U.S. Dist. LEXIS 178046 (S.D. Cal. 2024)………..13

*Khoja v. Orexigen Therapeutics, Inc.*
899 F. 3d 988 (9th Cir. 2018)……………………………………………………………13

*Licea v. Am. Eagle Outfitters, Inc.*
659 F. Supp. 3d 1072 (C.D. Cal. 2023)……………………………………………………14

*Mirakarimi v. Nevada Prop. 1 LLC*
No. 12cv2160-BTM-DHB, 2013 U.S. Dist. LEXIS 99362 (S.D. Cal. July 15, 2013)….20

*Padilla v. Domino's Pizza, Inc. and ConverseNow Technologies, Inc.*
No. 2:24-cv-12912 (E.D. Mich. October 24, 2024)…………………………………….10

*Quigley v. Yelp, Inc.*
No. 17-CV-03771-RS, 2018 WL 7204066 (N.D. Cal. Jan. 22, 2018)……………...16, 17

*Revitch v. New Moosejaw, LLC*
No. 18-CV-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)……………..14, 18

*Rodriguez v. Google LLC*
No. 20-CV-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022)…………………...16

*Saleh v. Nike, Inc.*
562 F. Supp. 3d 503 (C.D. Cal. 2021)……………………………………………………..13

*Swarts v. Home Depot, Inc.*
689 F. Supp. 3d 732 (N.D. Cal. 2023)…………………………………………..16, 21, 22

*Tanner v. Acushnet Co.*
No. 8:23-cv-00346-HDV-ADSx, 2023 U.S. Dist. LEXIS 208894 (C.D. Cal. Nov. 20, 2023)……………………………………………………………………..14

Page(s)

*United States v. Christensen*
828 F. 3d 763 (9th Cir. 2015)……………………………………………………………..19

*Valenzuela v. Keurig Green Mt., Inc.*
674 F. Supp. 3d 751 (C.D. Cal. 2023)…………………………………………………..16

*Williams v. What If Holdings, LLC*
No. c22-03780WHA, 2022 U.S. Dist. LEXIS 230732 (N.D. Cal. Dec. 22, 2022)……..17

**State Cases**

*Flanagan v. Flanagan*
27 Cal. 4th 766 (2002)……………………………………………………………...20

*People v. Nakai*
183 Cal. App. 4th 499 (2010)……………………………………………………….21

*Rogers v. Ulrich*
52 Cal. App. 3d 894 (1975)……………………………………………………14, 15

…

*Warden v. Kahn*
99 Cal. App. 3d 805 (1979)……………………………………………………13, 17

**Federal Statutes**

28 U.S.C. §1404(a)……………………………………………………………………...10

Fed. R. Civ. Pro., Rule 8………………………………………………………………..12

Fed. R. Civ. Pro., Rule 12(b)(6)………………………………………………...10, 11, 12

Fed. R. Civ. Pro, Rule 41(a)(1)(A)(i)…………………………………………………...10

**State Statutes**

Cal. Penal Code §631……………………………………………9, 10, 13, 14, 15, 17, 19

Cal. Penal Code §631(a)……………………………………………………………13, 19

Cal. Penal Code §632………………………………………………………9, 12, 19, 21, 22

Cal. Penal Code §632(a)……………………………………………………………...19

Cal. Penal Code §632(c)……………………………………………………………...9, 20

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should dismiss the Class Action Complaint ("Complaint") filed by Plaintiff Eliza Taylor ("Taylor" or "Plaintiff") against Defendant ConverseNow Technologies, Inc. ("ConverseNow" or "Defendant") for failure to state an actionable claim under the California Invasion of Privacy Act ("CIPA"), California Penal Code Sections 631 (Count I) and 632 (Count II). Both counts are deficient on multiple independent grounds, as set forth below. Moreover, the deficiencies are incurable and dispositive, based on Plaintiff's own allegations, requiring dismissal *with prejudice*.

Plaintiff's claim under CIPA Section 631 (Count I) fails because: (1) ConverseNow, a software vendor to Domino's, is not a "third-party" alleged eavesdropper as required by governing law; (2) Plaintiff does not (and cannot) plausibly allege a cognizable "interception" of any communications; (3) Plaintiff also fails to allege that ConverseNow used the alleged recorded communications for its own benefit or some independent purpose (beyond improving its own software, which benefits Domino's) as also required by governing law; and (4) Plaintiff's conclusory allegations fail to support the requisite "intent" by ConverseNow to deliberately intercept communications in purported violation of this criminal statute.

Plaintiff's CIPA Section 632 claim (Count II) also fails for those same deficiencies, as well as Plaintiff's failure to allege the additional element of a "confidential communication." Tellingly, Plaintiff ignores the operative definition of "confidential communication" under Section 632(c), and the uniform weight of case law holding that Plaintiff must allege and prove "an objectively reasonable expectation" that her conversation would not be recorded. Plaintiff, of course, cannot so allege. Plaintiff's claims are based on alleged communications with an automated voice at Domino's for the purposes of ordering a pizza. These allegations do not a CIPA claim make, and Plaintiff's allegations to the contrary border on (if not equate to) frivolity.

Accordingly, ConverseNow respectfully requests that this Honorable Court dismiss Plaintiff's claims because of their multiple independent, dispositive, and incurable defects.

## II. RELEVANT PROCEDURAL BACKGROUND

This action initially arose as a Class Action Complaint filed in the Eastern District of Michigan, *Padilla v. Domino's Pizza, Inc. and ConverseNow Technologies, Inc*., Case No. 2:24-cv-12912 (E.D. Mich. filed Oct. 24, 2024) (the "Michigan Action"). The Michigan Action was based on substantively similar allegations and claims to those asserted in this civil action. (*See* Statement of Alleged Facts, *infra*.)

On December 20, 2024, ConverseNow filed its Motion to Transfer Under 28 U.S.C. § 1404(a) or, Alternatively, Dismiss Pursuant to Rule 12(b)(6) (ConverseNow's "Motion to Transfer or Dismiss") (Michigan Action, Dkt. No. 11), and its Memorandum of Law in Support thereof (*id.*, Dkt. No. 12). Specifically, ConverseNow's Motion to Transfer or Dismiss requested the Michigan federal court to transfer the Michigan Action to this Court because, *inter alia*, Plaintiff's allegations and claims against ConverseNow focused solely and exclusively on alleged conduct taking place in California, which had no connection with the State of Michigan. (*Id.*)

On January 29, 2025, the Michigan plaintiff filed his Notice of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (*Id.*, Dkt. No. 19.)

On January 30, 2025, Plaintiff filed her Class Action Complaint in this Court. (Dkt. No. 1.) On March 12, 2025, Plaintiff and ConverseNow (collectively, the "Parties") filed an Amended Stipulation and Proposed Order Setting Briefing Schedule on Motion to Dismiss (the "Stipulation and Proposed Order"). On March 13, 2025, this Court granted the Stipulation and Proposed Order, and entered the following briefing schedule in connection with ConverseNow's prospective motion to dismiss: (1) Defendant shall file its Motion to Dismiss Plaintiff's Class Action Complaint on or before March 24, 2025; (2) Plaintiff shall file her Opposition to Defendant's Motion to Dismiss on or before April 23, 2025; (3) Defendant shall file its Reply to Plaintiff's Opposition on or before May 2, 2025; and (4) the hearing for Defendant's Motion to Dismiss shall be set for May 16, 2025, or a date thereafter that is convenient for the Court." (Dkt. No. 17.) Defendant hereby files its Motion to Dismiss pursuant to the Court's order.

## III. STATEMENT OF ALLEGED FACTS

Plaintiff's operative allegations in her Class Action Complaint are as follows. As set forth below in the Standards for Dismissal Under Rule 12(b)(6), the Court should construe these allegations as true solely for purposes of adjudicating this Motion to Dismiss. By stating these allegations, ConverseNow does not stipulate or admit to the truth thereof, and expressly reserves and preserves its rights to deny any such allegations in this civil action.

Plaintiff alleges that ConverseNow is a software-as-a-service (SaaS) company that provides AI voice technology to the restaurant industry in the form of virtual ordering assistants. (*See* Complaint, ¶¶ 18-20.) Customers of restaurants, such as Domino's, place their food orders through ConverseNow's "virtual assistant," and the order is thereafter sent directly to the restaurant's point of sale (POS) and is prepared by the restaurant staff. (*Id.* at 21.) ConverseNow's AI technology uses "natural language processing (NLP), natural language understanding (NLU), and machine learning algorithms to interpret and respond to speech, and to learn from these user interactions." (*Id.* at ¶ 25.) With ConverseNow's software, Plaintiff further alleges, restaurants like Domino's are able to improve order fulfillment speed and increase total sales from phone orders by automatically answering each call that comes in and accurately taking guest orders through the virtual assistants. (*Id.* at ¶ 29.) "Virtual ordering assistants record multiple guest orders simultaneously across all ordering channels, so guests can enjoy the dining experience they're looking for even if the restaurant is otherwise short on physical staff." (*Id.* at ¶ 26.)

Plaintiff also alleges that, in or around September 2024, she placed a delivery order for pizza with the Domino's Pizza store located in Delano, California, a location that employs ConverseNow's Voice AI technology. (*Id.* at 6.) Plaintiff alleges that, upon calling the Delano Domino's, she spoke with an automated voice that answered, saying "Thank you for calling Domino's. How can I help you today?" *Id.* Plaintiff allegedly then proceeded to place her order with Domino's during this phone call, "which unbeknownst to her, was being intercepted in real time and wiretapped by Defendant ConverseNow." (*Id.*)

In addition, Plaintiff alleges that, when customers call Domino's, "an automated system records, takes, and routes customers' orders," and unbeknownst to customers, their communications are routed through the servers of ConverseNow to, among other things, assist Domino's with fulfilling orders and upselling its customers, and to improve the capabilities of ConverseNow's own technology. (*Id.* at 3.) Furthermore, Plaintiff alleges that Domino's and other businesses permitted ConverseNow "to read, attempt to read, learn, and/or use the communications of Domino's customers without prior consent, thus violating the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631 and 632." (*Id.* at 4.)

Plaintiff purports to bring this action on behalf of all persons in California whose communications were allegedly intercepted and recorded by ConverseNow (the "Class"), and also on behalf of a subclass of all persons in California who called Domino's, and whose communications were allegedly intercepted and recorded by ConverseNow (the "Subclass"). (*Id.* at 5.)

## IV. <u>ARGUMENT</u>

### A. <u>The Standards for Dismissal Under FRCP 12(b)(6).</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That requirement is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court will not assume

facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) holding that the court cannot accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (citation omitted). *See also Twombly*, 550 U.S. at 555 (recognizing that the Court "is not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief).

### B. Plaintiff Fails to State a Plausible Claim Under CIPA Section 631.

#### 1. Plaintiff Cannot State a Plausible Section 631 Claim Because ConverseNow, a Software Vendor, is an Extension of its Client Domino's, Not a "Third Party" to the Alleged Communications.

Plaintiff cannot sustain a claim under Section 631(a) because ConverseNow is not a "third party" to the alleged communications at issue, but rather an extension of its customer Domino's. Section 631(a) does not prohibit or restrict an alleged "interception" by a party to the communications, which "cannot be held to wiretap another party to the same communication." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 516 (C.D. Cal. 2021) (citing *Davis v. Facebook, Inc.* (*In re Facebook Inc. Internet Tracking Litig.*), 956 F.3d 589, 607 (9th Cir. 2020)); *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (holding that Section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation").

There is a wealth of case law dismissing Section 631 claims against software vendors that recorded clients' customers' phone calls or other communications in order to help the vendors' clients serve those customers. *See, e.g.*, *Jones v. Tonal Sys.*, No. 3:23-cv-1267-JES-BGS, 2024 U.S. Dist. LEXIS 178056, at * 18 (S.D. Cal. Sept. 30, 2024) (agreeing with similar software-vendor cases and holding "that Plaintiff has not adequately alleged that [the vendor] has the capability of using the chat data for its own purposes and benefit," given "the inference that [it] receives and stores communications for the benefit of its client, Tonal," and plaintiff's allegation

that the vendor 'analyzes, stores, and uses for its own purposes' chat communications is conclusory and is not supported by the" complaint); *Cody v. Boscov's*, 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023) (dismissing plaintiff's Section 631 claim against a software vendor because "Plaintiff must provide facts suggesting that Webex and Kustomer are recording Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant," and "Plaintiff's sole relevant allegation that Webex and Customer use the code embedded in the chat program to 'harvest valuable data from such [customer] communications for the benefit of their clients like Defendant' is too vague and conclusory to meet this standard"); *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1066-68 (C.D. Cal. 2023) (dismissing a Section 631 claim because "Defendant uses a third-party vendor to 'record and analyze its own data in aid of [Defendant's] business, not the 'aggregation of data for resale,' which made the third-party an 'extension' of Defendant's website, not a 'third-party eavesdropper") (citations omitted; *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832-33 (N.D. Cal. 2021) (holding that a software service provider was an "extension" of its customer, since it "provides a tool . . . that allows [its client] to record and analyze its own data in aid of [its] business," hence the software vendor was "not a third-party eavesdropper").

Similarly, "Federal and state courts have been instructed to analyze whether the technology (or actor) behaves more akin to a tape recorder utilized by the party to the conversation, or as an eavesdropper 'press[ing] up against a door to listen to a conversation.'" *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1082 (C.D. Cal. 2023) (quoting *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827-VC, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019). *See also Tanner v. Acushnet Co.*, No. 8:23-cv-00346-HDV-ADSx, 2023 U.S. Dist. LEXIS 208894, at * 9 (C.D. Cal. Nov. 20, 2023) ("When a party to a conversation records it, that party is not eavesdropping, but rather is acting as a 'tape recorder'") (citation omitted); *Licea*, 659 F. Supp. 3d at 1082 ("Courts have determined that software like the alleged code employed by Defendant which intercepts in real time and stores transcripts is more akin to a tape recorder like the one used in *Rogers* than a friend against the door…."); *Rogers v. Ulrich*, 52 Cal. App.

3d 894, 899 (1975) (holding that "participant recording was not meant to be included" under Section 631).

These exemptions apply squarely here. Plaintiff's own allegations establish that ConverseNow provides a software tool for purposes of assisting Domino's in recording, analyzing, and using its customers' communications for Domino's business purposes of processing and fulfilling customer orders. Specifically, according to Plaintiff, ConverseNow's AI technology is an "electronic amplifying or recording device." (Compl. ¶ 76.) Plaintiff further alleges that ConverseNow's technology was "enabled by Domino's to process Plaintiff's order." (*Id.* ¶ 8.) In particular, Plaintiff alleges the sequence of the alleged calls processed by ConverseNow's voice AI technology, which "asks the customer what they would like to order today. Upon stating their order, the virtual assistant then asks the customer if they would like anything extra, including deserts. Once the customer indicates that their order is complete, the voice confirms the order with them." (*Id.* ¶ 36.)

ConverseNow's voice AI software, therefore, falls squarely within the case law uniformly exempting vendors' software as an extension of the participants (here, Domino's) to function as a recording divorce for customer orders. Plaintiff's novel theory – that AI software employed at restaurants to take customers' orders somehow run afoul of CIPA – has never been accepted by any judicial decision, following extensive research. Indeed, that theory flies in the face of technological realities and relationships that fall far outside the scope of the conduct intended to be covered by CIPA (and, indeed, other privacy statutes). *See Heeger v. Facebook, Inc.*, No. 18-cv-06399-JD, 2019 U.S. Dist. LEXIS 222520, at * 7 (N.D. Cal. Dec. 27, 2019) ("In effect, the fast pace of developments in digital technology has rendered the CIPA a poor fit for the world we live in today, a problem that besets many privacy statutes"). Accordingly, Plaintiff has failed to state a claim under Section 631(a) on this ground alone.

**2. Plaintiff Does Not – and Cannot – Allege that ConverseNow has "Intercepted" the Communications in "Real Time."**

Courts may hold software vendors liable under Section 631 only if plaintiffs plausibly allege that those vendors have intercepted communications "in real time." *Cody v. Ring LLC*,

718 F. Supp. 3d 993, 1002 (N.D. Cal. 2024) (a software vendor "may act as a third-party eavesdropper if they secretly record conversations in real time."). However, Plaintiff offers only generic and conclusory allegations that her food order "was being intercepted in real time and wiretapped by Defendant ConverseNow." (Compl. ¶¶ 1, 5, 6.)

Courts uniformly hold that such conclusory allegations are insufficient to support the element of "interception," and plaintiffs instead must plead specific facts explaining how the software works or how the interception actually occurs. *See Cody v. Lacoste*, No. 8:23-cv-00235-SSS-DTBx, 2024 U.S. Dist. LEXIS 135843, at * 5 (C.D. Cal. July 30, 2024) (holding that plaintiff's allegation, that defendant's embedded software code "automatically routs chat communications to Hootsuite's servers," "does not establish that Hootsuite intercepts the communications while they are in storage"); *Ring LLC*, 718 F. Supp. 3d at 1001 (holding that plaintiff's allegations that the third-party's application program is "plugged into" Ring's website and allows chats to be routed "in real time . . . as they occur" were conclusory and vague allegations that fail to explain how the software works or how the interception occurs); *Esparza v. Gen. Digit. Inc.*, No. cv23-8223-KK-AGRx, 2024 U.S. Dist. LEXIS 28132, at *10 (C.D. Cal. Jan. 16, 2024) ("Plaintiff fails to allege specific facts about what was intercepted, when the interception took place, and how the interception took place," but instead "Plaintiff has merely restated the pleading of real time interception which is insufficient to state a claim"); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 746 (N.D. Cal. 2023) (holding that plaintiff's allegations do "not dispel the notion that LivePerson receives the information 'after the chat reaches Home Depot,'" and [c]ourts have found that similarly conclusory allegations fail to support a claim under § 631(a)"); *Valenzuela v. Keurig Green Mt., Inc.*, 674 F. Supp. 3d 751, 759 (C.D. Cal. 2023) (dismissing Section 631 claim because "the complaint provides no detail as to how the interception occurs," and "interception must occur contemporaneous with the sending or receipt of the message"); *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("[u]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting [plaintiff's] data in transit"); *Quigley v. Yelp, Inc.*, No. 17-CV-03771-RS, 2018 WL 7204066, at *4 (N.D. Cal. Jan.

22, 2018) (plaintiff failed to plead unlawful interception of communications where he "does not allege with particularity how or when any defendant became aware of his communications.

Indeed, Plaintiff's own allegations *contradict and defeat* the element of "interception." For example, Plaintiff alleges that, "[w]hen a customer calls a store utilizing [ConverseNow]'s technology, like Domino's, a virtual assistant on behalf of ConverseNow intercepts the call and asks the caller how they can be of assistance." (*See* Compl. ¶ 35.) Similarly, Plaintiff alleges that ConverseNow, "as enabled by that business, routed Plaintiff's and members of the Classes' communications to ConverseNow's servers." (*Id.* ¶ 81.) Based on those allegations, the alleged customers *do not even reach Domino's* when calling, but instead communicate directly with ConverseNow's software. As discussed above, however, ConverseNow cannot be "intercepting" calls to which it is a party. *See e.g.*, *Kahn*, 160 Cal. Rptr. at 475 (applying Section 631(a) "only to eavesdropping by a third party, and not the recording by a participant to the conversation").

Having failed to plead any factual allegations supporting the element of "interception," or demonstrating or explaining how ConverseNow's software works or how the alleged interception occurs, Plaintiff fails to support its allegation that ConverseNow is a third-party eavesdropper and/or its claim under Section 631.

**3. Plaintiff has Failed to Adequately Allege that ConverseNow Uses the Allegedly Intercepted Communications for Independent Purposes.**

Court also dismiss Section 631 claims that omit plausible allegations that software vendors are able to utilize and use the data obtained for their own purposes, separate from the interests of the vendors' customers. *See Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023) (explaining that a company is an "unannounced second auditor" when, unlike a tape recorder, it has an "independent capability to divulge the recording for any other purpose but that of its owner"); *Noom*, 533 F. Supp. 3d at 832 (Absent sufficient allegations that software vendor intercepted and "used the data itself," a software vendor is only an extension of its customer and not a third party.); *What If Holdings*, 2022 WL 17869275 at *3 ("a key distinction [in determining whether the vendor can be considered a third party] is whether or not the alleged third-party software provider aggregates or otherwise processes the recorded information, which

might suggest that the software vendor independently "uses" the gathered data in some way").

Here, Plaintiff fails to allege any facts plausibly showing ConverseNow's capability to use the records of the communications for its own purposes or the purposes of a party other than its customer, and again relies on conclusory and palpably deficient allegations. For example, Plaintiff generically alleges that ConverseNow benefits from the communications through the "ability to improve its software capabilities and reduce the need to employ its off-site agents to monitor and correct orders," (*see* Compl. ¶ 27), and that "[i]n addition to helping companies like Domino's process their phone orders, ConverseNow aggregates this information with the information collected from all of its clients employing ConverseNow Voice AI at their businesses to improve the functionality of the technology, which increases the value of ConverseNow's services when they are offered to other companies. " (Compl. ¶¶ 27, 43.) Plaintiff also relies on the conclusory allegation that "ConverseNow has the capability to use caller communications to (i) improve its own products and services; (ii) develop new ConverseNow products and services; and (iii) analyze customers' communications to assist with avoiding the intervention of restaurant staff in the order process." (*Id.* ¶ 31.)

Courts have held that similarly conclusory allegations are deficient, and fail to state a claim that allegedly intercepted communications are used for legally cognizable independent purposes or benefits. *See Ring LLC*, 718 F. Supp. 3d at 1002-03 (Plaintiff's "vague" and "generalized" allegations that software vendor retained or harvested the "valuable data" and "profit[ed]" from exploiting the data failed to support an inference that the vendor was "capable of using the intercepted information for another purpose."). *See also Noom*, 533 F. Supp. 3d at 832 (distinguishing *Revitch v. New Moosejaw*, LLC, No. 18-CV-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019 and *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) because the third parties in those cases "intercepted and used the data" for their own benefit, such as selling the data to generate revenue, while the third-party vendor in *Noom* acted as a "tool" allowing *Noom* to "record and analyze its own data in aid of Noom's business").

//

//

**4. Plaintiff Fails to Plead the Requisite Intent Allegations Required by Section 631(a).**

The very first sentence of Section 631(a) requires Plaintiff to allege that ConverseNow "intentionally" taps or intercepts a telephone wire or "instrument of any internal telephone communication system." Cal. Penal Code § 631(a). As a criminal statute, CIPA requires allegations that ConverseNow acted "purposefully and deliberately and not as a result of accident or mistake." *United States v. Christensen*, 828 F.3d 763, 774 (9th Cir. 2015). Specifically, Plaintiff must allege that ConverseNow "acted consciously and deliberately with the goal of intercepting wire communications." *Id.* at 774.

Plaintiff's allegations are woefully deficient on that front. Plaintiff simply offers the conclusory allegation that ConverseNow "intentionally tapped, electronically or otherwise, the lines of telephone communications," and that "ConverseNow intentionally used its Voice AI technology to eavesdrop." (Compl. ¶¶ 65, 77.) These generic allegations do not pass muster under governing law and are mere conclusions that ConverseNow acted with the requisite intent, without any factual support. Failing to plead specific facts that ConverseNow "acted consciously and deliberately with the goal of intercepting wire communications, *Christensen*, 828 F.3d at 774, Plaintiff has failed to plead an actionable claim under Section 631(a).

**C. <u>Plaintiff Fails to State a Plausible Claim Against ConverseNow for Alleged Violations of Section 632.</u>**

As an initial matter, Plaintiff's Section 632 claim fails on the same grounds that defeat Plaintiff's Section 631 claim – *i.e.*, that (1) ConverseNow is not a third-party to the alleged communications, but instead is a software vendor and extension of Domino's; and (2) Plaintiff fails to allege the legally required intent to intercept or use the alleged communication. Since ConverseNow was acting as a software vendor to Domino's, and was not acting "intentionally and without the consent of all parties," Cal. Pen. Code § 632(a). ConverseNow is not liable under CIPA Section 632, as well as CIPA Section 631.

Plaintiff's Count II also fails to support the additional confidentiality element under Section 632(a), which applies only when an entity, "intentionally and without the consent of all

parties to ***a confidential communication***," uses an electronic amplifying or recording device to eavesdrop upon or record the ***confidential communication***…." (emphasis added). To the contrary, Plaintiff's own allegations again *defeat* any claim that ConverseNow intentionally eavesdropped on any purported "confidential communication."

CIPA Section 632(c), ignored in Plaintiff's Complaint, defines "confidential communication" as follows:

> For purposes of this Section, 'confidential communication' means any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive, or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Applying this statutory language, California federal courts uniformly hold that communications are "confidential" thereunder only if a party "has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (Cal. 2002). *See also Noom*, 533 F. Supp. 3d at 833 (generally, the name, address, identity of a customer, origin, length, time of a call, or geolocation data are not considered contents of communication under CIPA). In addition, Plaintiff must allege sufficient facts to plausibly support an objectively reasonable "expectation that the conversation was not being simultaneously disseminated to an unannounced second observer." *Mirkarimi v. Nevada Prop. 1 LLC*, No. 12cv2160-BTM-DHB, 2013 U.S. Dist. LEXIS 99362, at 2 (S.D. Cal. July 15, 2013). *See also Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019-20 (9th Cir. 2013) (recognizing that the "standard of confidentiality is an objective one defined in terms of reasonableness," and holding that plaintiff must plausibly allege "a communication that he had an objectively reasonable expectation was not being recorded"). Plaintiff again offers nothing

more than a conclusory statement that "Plaintiff and members of the Classes did not reasonably expect that anyone other than the business they were calling would be on the other end of the confidential communications." *See* Compl., ¶ 77.

Significantly, there are no cases specifically adjudicating the viability of Section 632 claims in the context of alleged recordings of customers' voices who order food at restaurants. The reason for such a dearth of case law (and underlying frivolous lawsuits) is clear – any such claims would run directly contrary to well-established and analogous cases dismissing CIPA claims based communications that "can be easily shared by" the recipients. *Campbell v. Facebook, Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014). *See e.g.*, *In re Google Inc. Gmail Litig.*, 2013 U.S. Dist. LEXIS 172784, at * 84 (N.D. Cal. 2013) (holding that email communications are not "confidential" under Section 632 because "email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications"); *People v. Nakai*, 183 Cal. App. 4th 499, 518-19 (2010) holding that Yahoo text messages were not "confidential" under Section 632 because "the circumstances of the communication were such that defendant could reasonably expect that the communication might be overheard or recorded").

The case of *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732 (N.D. Cal. 2023) is particularly instructive. The *Swarts* plaintiff claimed that Home Depot's chat transcripts with customer-service agents violated CIPA Section 632. The *Swarts* court dismissed that claim outright. As the court held, "Swarts's claim that consumers 'cannot be expected to know' that chat conversations with customer service agents are generally recorded is objectively unreasonable." *Id.* at 747. That same reasoning applies here. Plaintiff's allegation that Domino's' customers were unaware that their phone calls, and their interactions with "an automated voice," (Compl. ¶ 5), were being recorded "is objectively unreasonable." *Swarts*, 689 F. Supp. 3d at 747.

This Court should apply the jurisprudence cited above and hold that Plaintiff's "confidentiality" allegations are far from "objectively reasonable," but instead border on frivolity.

ConverseNow's voice AI software is directly analogous to, and indistinguishable from, communications to and with customer-service agents, like the communications held to be non-confidential in *Swarts*. There is nothing plausible or objectively reasonable about alleging that Plaintiff had any reasonable expectation of confidentiality or privacy in a phone call to Domino's, to order a pizza. CIPA Section 632 applies to objectively confidential communications, not a customer's phone call focused on ordering pizza and choosing pizza crust and toppings. Put another way, there is no privacy or confidentiality interest in pepperoni, sausage, or mushrooms.

**D. <u>Any Amendment to the Complaint Would be Futile.</u>**

Given that both of the Complaint's causes of action fail as a matter of law, the Court should grant this motion and dismiss them. Moreover, the Court should dismiss them with prejudice. "Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff 's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). In this case, no amendment could cure Plaintiff's pleading defects. The way that Defendant's voice AI system works, in Plaintiff's own words, defeats the ability to maintain a CIPA complaint against Defendant.

First, Plaintiff admits ConverseNow was providing service to Domino's. As an extension of Domino's, ConverseNow cannot now or ever be a third party "intercepting communications." Second, as a vendor providing only AI services to Domino, there are no independent purposes for ConverseNow to use any voice data. Third, as a vendor providing services, there is no intent to intercept communications of the customer. Finally, by nature of the communications, order-taking voice communications are inherently nonconfidential, precluding a Section 632 claim. Consequently, any amendment of the Complaint would be futile. Thus, the Court should dismiss the entire Complaint with prejudice.

**V. <u>CONCLUSION</u>**

For the foregoing reasons, ConverseNow respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Because

Plaintiff cannot satisfy crucial elements of her burdens of proof, as described above, ConverseNow also requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

Dated: March 24, 2025

SILICON VALLEY LAW GROUP

By: */s/ Stephen S. Wu*
Stephen S. Wu
Marc G. van Niekerk
Attorneys for Defendant
CONVERSENOW TECHNOLOGIES, INC.