HILLARD M. STERLING (Admitted *Pro Hac Vice*)
hsterling@ralaw.com
KARMAN BAINS (Admitted *Pro Hac Vice*)
kbains@ralaw.com
**ROETZEL & ANDRESS, LPA**
70 W Madison St., Suite 3000
Chicago, IL 60602
Telephone: (312) 962-8082
Facsimile: (312) 580-1201

STEPHEN S. WU, SBN 205091
ssw@svlg.com
MARC G. VAN NIEKERK, SBN 201329
mvn@svlg.com
**SILICON VALLEY LAW GROUP**
1 North Market Street, Suite 200
San Jose, CA 95113
Telephone: (408) 573-5700
Facsimile: (408) 573-5701

Attorneys for Defendant
CONVERSENOW TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZA TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>CONVERSENOW TECHNOLOGIES, INC<br><br>Defendant(s). | Case No.: 25-cv-00990-SI<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Hon. Judge Susan Illston |

NOW COMES the Defendant, CONVERSENOW TECHNOLOGIES, INC. ("Defendant" or "ConverseNow"), and for its Answer and Affirmative Defenses to Plaintiff's, ELIZA TAYLOR's ("Plaintiff's"), Class Action Complaint ("Complaint), states as follows:

**ANSWER**

Except as otherwise expressly admitted in this Answer, ConverseNow denies each and every allegation contained in the Complaint. ConverseNow does not interpret headings as well-pleaded allegations of fact to which any response is required. To the extent a response is deemed required, ConverseNow denies all allegations in the headings (or subheadings) in the Complaint. Unless otherwise defined, capitalized terms shall refer to the capitalized terms defined in the Complaint; but, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to the terms. ConverseNow reserves the right to amend or supplement this Answer and Affirmative Defenses as permitted by the Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

1. This is a putative class action against Defendant arising from Defendant intentionally tapping in real time, electronically or otherwise, the lines of telephone communications between Plaintiff and members of the Classes on the one hand, and the entities with whom Plaintiff and members of the Classes were communicating with on the other hand.

**ANSWER**: Paragraph 1 constitutes a narrative description by Plaintiff of her Complaint, such that no answer is necessary. To the extent that an answer deemed necessary for this paragraph, ConverseNow denies that it engaged in any wrongdoing, specifically denies that it intentionally tapped any telephone communications in real time, and denies that this case is appropriate for class-action treatment.

2. One such entity is Domino's Pizza ("Domino's").

**ANSWER**: Paragraph 2 constitutes a description by Plaintiff of her Complaint, such that no answer is necessary. To the extent that an answer deemed necessary for this paragraph, ConverseNow denies that it engaged in any wrongdoing, specifically denies that it intentionally tapped any telephone communications in real time, and denies that this case is appropriate for class-action treatment.

3. When customers call Domino's restaurants in California, an automated system records, takes, and routes customers' orders. However, unbeknownst to customers, their

communications are routed through the servers of ConverseNow to, among other things, assist Domino's with fulfilling orders and upselling its customers, and to improve the capabilities of ConverseNow's own technology.

**ANSWER**: Paragraph 3 purports to characterize and/or describe ConverseNow's voice AI technology and/or business operations, and ConverseNow denies that Paragraph 3 accurately and completely characterizes or describes ConverseNow's voice AI technology and/or business operations. ConverseNow denies all remaining allegations in Paragraph 3.

4. In doing so, Domino's and other businesses utilizing Defendant's technology permitted Defendant ConverseNow to read, attempt to read, learn, and/or use the communications of Domino's customers without prior consent, thus violating the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631 and 632.

**ANSWER**: ConverseNow denies all allegations in Paragraph 4.

5. Plaintiff brings this action on behalf of all persons in California whose communications were intercepted and recorded by ConverseNow. Plaintiff also brings this action on behalf of a subclass of all persons in California who called Domino's, and whose communications were intercepted and recorded by ConverseNow.

**ANSWER**: ConverseNow admits that Plaintiff purports to bring this action as a class action. ConverseNow denies that a class action is appropriate in this case, denies that Plaintiff is an appropriate class representative, and denies that Plaintiff is entitled to any relief or damages whatsoever in this action. ConverseNow lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 and therefore denies the same.

**PARTIES**

6. Plaintiff Eliza Taylor is a citizen of California residing in Oakland, California. In or around September 2024, Plaintiff Taylor placed an order for delivery pizza with the Domino's Pizza store located in Delano, California. This location employs Defendant's Voice AI technology. Upon calling the number Domino's lists for that location, (510) 536-3200, an automated voice answered saying "Thank you for calling Domino's. How can I help you today?" Plaintiff Taylor proceeded to

place her order with Domino's, which unbeknownst to her, was being intercepted in real time and wiretapped by Defendant ConverseNow.

**ANSWER**: ConverseNow lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6, and therefore denies the same.

7. During the course of the phone call, Plaintiff provided her name, address, and credit card information. In doing so, Plaintiff reasonably expected this personal and confidential information to be shared only with Domino's, whom she believed was the only other party to the call.

**ANSWER**: ConverseNow lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7, and therefore denies the same.

8. The automated voice Plaintiff Taylor spoke to was that of ConverseNow's Voice AI technology enabled by Domino's to process Plaintiff's order. ConverseNow wiretapped Plaintiff's conversation with Domino's. Plaintiff was not on notice of any wiretapping when she called Domino's, nor did she provide prior consent to the same.

**ANSWER**: ConverseNow lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 regarding Plaintiff's alleged experience in communicating with ConverseNow's Voice AI technology, and therefore denies the same. ConverseNow denies that it wiretapped any conversation between Plaintiff and Domino's and denies that it engaged in any wrongdoing.

9. Defendant ConverseNow Technologies, Inc. is a Delaware corporation with its principal place of business in Austin, Texas. ConverseNow "proudly operate[s] in more stores than any other restaurant voice AI company" and "processes millions of live conversations each month."

**ANSWER**: ConverseNow admits that it is provides software as a service, and is incorporated in Delaware, with its principal place of business in Austin, Texas. ConverseNow denies that the remaining allegations in Paragraph 9 accurately and completely describe ConverseNow's business operations.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of costs and interest, and Plaintiff, as well as members of the proposed class, are citizens of states different from Defendant.

**ANSWER**: ConverseNow denies that this case is appropriate for class-action treatment and therefore denies the allegations in Paragraph 10.

11. This Court has personal jurisdiction over Defendant ConverseNow because ConverseNow conducts substantial business in the State of California, including with Domino's, which gives rise to this action.

**ANSWER**: ConverseNow denies the allegations in Paragraph 11.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant entered into contract in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER**: ConverseNow denies the allegations in Paragraph 12.

## FACTUAL ALLEGATIONS

**The California Invasion of Privacy Act**

13. The California Legislature enacted the Invasion of Privacy Act to protect certain privacy rights of California citizens. The legislature expressly recognized that "the development of new devices and techniques for the purpose of eavesdropping upon private communications ... has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630.

**ANSWER**: Paragraph 13 purports to summarize and/or generalize the intended purpose of CIPA and appears to quote excerpts from a portion of Cal. Penal Code § 630. ConverseNow denies that Paragraph 13 accurately reflects or describes the totality and substance of the statute. ConverseNow further denies that it violated CIPA in any respect.

14. The California Supreme Court has repeatedly stated the "express objective" of CIPA is to "protect a person placing or receiving a call from a situation where the person on the other end of the line permits an outsider to tap his telephone or listen in on the call." *Ribas v. Clark*, 38 Cal. 3d 355, 364 (1985); *see also Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 200 (2021) (explaining that "a substantial distinction has been recognized between the secondhand repetition of the contents of a conversation and its simultaneous dissemination to an unannounced second auditor, whether that auditor be a person or mechanical device.").

**ANSWER**: Paragraph 14 purports to summarize and/or generalize the intended objective of CIPA and appears to quote excerpts from two cases cited by Plaintiff in Paragraph 14. ConverseNow denies that Paragraph 14 accurately reflects or describes the totality and substance of CIPA. ConverseNow further denies that it violated CIPA in any respect.

15. As part of CIPA, the California Legislature introduced § 631(a), which prohibits any person or entity from (i) "intentionally tap[ping], or mak[ing] any unauthorized connection ... with any telegraph or telephone wire," (ii) "willfully and without the consent of all parties to the communication ... read[ing], or attempt[ing] to read, or to learn the contents or meaning of any ... communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within [California]," or (iii) "us[ing], or attempt[ing] to use ... any information so obtained." CIPA § 631(a) also penalizes those who "aids, agrees with, employs, or conspires with any person" who conducts the aforementioned wiretapping.

**ANSWER**: ConverseNow admits only that Plaintiff appears to have quoted excerpts from sections of CIPA but denies that these excerpts reflect the totality and substance of the statute. ConverseNow further denies that it violated CIPA in any respect.

16. The California Legislature also enacted CIPA § 632(a), which prohibits any person or entity from "intentionally and without the consent of all parties to a confidential communication, us[ing] an electronic amplifying or recording device to eavesdrop upon or record [a] confidential communication."

**ANSWER**: ConverseNow admits only that Plaintiff appears to have quoted excerpts from sections of CIPA but denies that these excerpts reflect the totality and substance of the statute. ConverseNow further denies that it violated CIPA in any respect.

17. Individuals may bring an action against the violator of CIPA §§ 631 and 632 for $5,000 per violation. Cal. Penal Code § 637.3.

**ANSWER**: Paragraph 17 purports to summarize and/or generalize certain sections of CIPA, and ConverseNow denies that Paragraph 17 accurately reflects or describes the totality or substance of the statute. ConverseNow further denies that it violated CIPA in any respect.

**ConverseNow Technology**

18. Defendant ConverseNow Technologies, Inc. is a Software as a Service (SaaS) company that is "shaping the future of restaurants" by "powering [its] best-in-class voice AI technology... for the restaurant industry and customer service, with a mission to take artificial intelligence to the next level."[1]

[1] ConverseNow, About Us https://conversenow.ai/company/ (last accessed Jan. 21, 2025).

**ANSWER**: ConverseNow admits that it is a Software as a Service company and provides voice AI technology for the restaurant industry. ConverseNow further admits that Paragraph 18 purports to quote excerpts from a website, but denies that the allegations in Paragraph 18 accurately and completely describe ConverseNow's software and/or business operations. ConverseNow denies all remaining allegations in Paragraph 18.

19. ConverseNow's website touts it is in over 1,250 stores in 43 states across the country and has processed over 24 million conversations.[2]

[2] *Id.*

**ANSWER**: ConverseNow admits that Paragraph 19 purports to quote excerpts from a website, but denies that the allegations in Paragraph 19 accurately and completely describe ConverseNow's software and/or business operations. ConverseNow denies all remaining allegations in Paragraph 19.

20. ConverseNow explains:

> Voice AI, or conversational AI, is the newest generation of artificial intelligence for restaurants – a huge step up from the frustrating interactions we've all had in the past when talking to automated phone systems. Introduced to guests as virtual ordering assistants, voice AI engages in limitless conversations at once: each with the personable, tailored approach that people expect when speaking to a team member.[3]

[3] ConverseNow, Homepage https://conversenow.ai/ (last accessed Jan. 21, 2025).

**ANSWER**: ConverseNow admits that Paragraph 20 purports to quote excerpts from a website, but denies that the allegations in Paragraph 20 accurately and completely describe ConverseNow's software and/or business operations. ConverseNow denies all remaining allegations in Paragraph 20.

21. ConverseNow advertises its voice AI technology in a three-step process. First, "guests enjoy a natural conversation with a virtual assistant as they would with a typical team member." Next, "the order is sent into the cloud for your POS to process automatically." Lastly, "team members prepare and serve food as they would with any other order that comes in."[4]




[4] ConverseNow, Technology https://conversenow.ai/technology/ (last accessed Jan. 21, 2025).

**ANSWER**: ConverseNow admits that Paragraph 21 purports to quote excerpts from a website, but denies that the allegations in Paragraph 21 accurately and completely describe ConverseNow's software and/or business operations.

22. Critically, ConverseNow agents are listening in on the calls:

> For restaurants getting started with voice AI, our agent-supported system also helps train your virtual assistants even faster. Agents put the finishing touches on complex orders when necessary, teaching the virtual assistant in the process so the AI can complete that type of order the next time around. In both cases, the order is processed to guests' satisfaction without your staff getting involved.[5]

[5] *Id.*

**ANSWER**: ConverseNow admits that Paragraph 22 purports to quote excerpts from a website, but denies that the allegations in Paragraph 22 accurately and completely describe ConverseNow's software and/or business operations, and specifically denies that "ConverseNow agents are listening in on the calls."

23. In fact, ConverseNow "technology keeps a person behind the scenes in every conversation."[6]

[6] *Id.*

**ANSWER**: ConverseNow admits that Paragraph 23 purports to quote excerpts from a website, but denies that the allegations in Paragraph 23 accurately and completely describe ConverseNow's software and/or business operations.

24. Not only do ConverseNow's clients benefit from its technology, once ConverseNow intercepts the customer communications, it has the ability to use such communications for its own purposes, as it explains, "by processing millions of live conversations each month, our self-learning system evolves even faster every day to improve the guest experience for new and existing partners alike."[7]

[7] *Id.*

**ANSWER**: ConverseNow admits that Paragraph 24 purports to quote excerpts from a website, but denies that the allegations in Paragraph 24 accurately and completely describe ConverseNow's software and/or business operations, and specifically denies that ConverseNow "intercepts" customer communications.

25. To do so, "Voice AI uses natural language processing (NLP), natural language understanding (NLU), and machine learning algorithms to interpret and respond to speech, and to

learn from these user interactions." This creates "a feedback loop where the voice AI platform continuously refines the underlying algorithms."[8]

[8] *"Conversational AI vs. Legacy Phone Systems: How Voice AI Prevails" https://conversenow.ai/resources/conversational-ai-vs-legacy-phone-systems/ (last accessed Jan, 21, 2025).*

**ANSWER**: ConverseNow admits that Paragraph 25 purports to quote excerpts from a website, but denies that the allegations in Paragraph 25 accurately and completely describe ConverseNow's software and/or business operations.

26. Further, "voice AI assistants aren't merely executing simple, scripted actions. **Virtual assistants are dynamic conversationalists that recognize context clues, read between the lines and refine their algorithms with each order**. This means the ordering assistants learn to recommend relevant order suggestions and upsells based on prior guest orders. **Virtual ordering assistants record multiple guest orders** simultaneously across all ordering channels, so guests can enjoy the dining experience they're looking for even if the restaurant is otherwise short on physical staff."[9]

[9] "6 Franchise Trends that Restaurant Operators Need To Know" https://conversenow.ai/resources/franchise-trends/ (last accessed Jan. 21, 2025) (emphasis added).

**ANSWER**: ConverseNow admits that Paragraph 26 purports to quote excerpts from a website, but denies that the allegations in Paragraph 26 accurately and completely describe ConverseNow's software and/or business operations.

27. Continued sales of the ConverseNow technology and service are based on ConverseNow's ability to improve its software capabilities and reduce the need to employ its off-site agents to monitor and correct orders.

**ANSWER**: ConverseNow admits that it improves its software capabilities, but denies the remaining allegations in Paragraph 27.

28. Information from communications, like Plaintiff's, is central to ConverseNow's ability to successfully market its technology to future clients.

**ANSWER**: ConverseNow denies the allegations in Paragraph 28.

29. The appeal to restaurant operators is apparent, as ConverseNow states:

> Missed calls, long wait times and inaccurate orders cost restaurants money and reputation. A restaurant that uses voice AI won't suffer these issues since **voice AI assistants automatically answer every call that comes in and accurately records guest orders in real-time**. Conversational AI also improves order fulfillment speed and increases total ticket sales from phone orders. Additionally, operators can reassign team members to food preparation or other tasks, leading to greater productivity.
>
> ---
>
> Restaurant virtual ordering assistants effortlessly receive and record orders, nearly doubling peak-hour volume while giving guests personalized and friendly service.[10]

[10] *Id*. (emphasis added).

**<u>ANSWER</u>**: ConverseNow admits that Paragraph 29 purports to quote excerpts from a website, but denies that the allegations in Paragraph 29 accurately and completely describe ConverseNow's software and/or business operations.

30. ConverseNow further explains, "once up and running, orders taken by our virtual assistants will show up on your POS in the same way as any other order. Staff simply fulfill orders as usual, with no changes in operations other than never having to answer the phone or worry about drive-thru."[11]

[11] ConverseNow, Technology https://conversenow.ai/technology/ (last accessed Jan. 21, 2025).

**<u>ANSWER</u>**: ConverseNow admits that Paragraph 30 purports to quote excerpts from a website, but denies that the allegations in Paragraph 30 accurately and completely describe ConverseNow's software and/or business operations.

31. In sum, ConverseNow has the capability to use caller communications to (i) improve its own products and services; (ii) develop new ConverseNow products and services; and (iii) analyze customers' communications to assist with avoiding the intervention of restaurant staff in the order process.

**<u>ANSWER</u>**: ConverseNow admits that it improves and develops its products and services, but denies the remaining allegations of Paragraph 31.

32. ConverseNow's voice AI technology is currently used in more than 1,250 stores nationwide, including over 120 Domino's stores nationwide, including in California.[12] The technology utilized is "custom-tailored for Domino's with quick and easy setup."[13]




[12] ConverseNow, Info https://info.conversenow.ai/dfa-2 (last accessed Jan. 21, 2025).

[13] *Id.*

**<u>ANSWER</u>**: ConverseNow admits that Paragraph 32 purports to quote excerpts from a website, but denies that the allegations in Paragraph 32 accurately and completely describe ConverseNow's software and/or business operations.

33. Domino's Pulse, referenced above, is a custom software system that helps Domino's Pizza manage in-restaurant operations and point-of-sale functions. Similarly, Domino's Wizardline is a data software that assists with payroll, pay cards, AI Ordering, hiring & retention, and more.[14]

[14] Wizardline Reporting https://us.thewizardline.com/about-us/ (last accessed Jan. 21, 2025).

**<u>ANSWER</u>**: ConverseNow lacks sufficient knowledge or information with which to admit or deny the allegations in Paragraph 33, and therefore denies the same.

34. As one Domino's store owner explained, "It was the flip of a switch. I didn't have to do anything. They routed everything through our existing phone stem. We went live with all four stores in one day and boom, it was done."[15]

[15] *Id.*

**<u>ANSWER</u>**: ConverseNow lacks sufficient knowledge or information with which to admit or deny the allegations in Paragraph 34, and therefore denies the same.

**Defendant Violates the California Invasion of Privacy Act**

35. When a customer calls a store utilizing Defendant's technology, like Domino's, a virtual assistant on behalf of ConverseNow intercepts the call and asks the caller how they can be of assistance. When a customer states they would like to place an order, the virtual assistant responds, "let me transfer you to the order line." Although the phone number the customer called is that of a business they intend to place an order with, Defendant intercepts and redirects the call to its servers for recording. *See Noel v. Hall*, 568 F.3d 743, 749 (9th Cir. 2009) (holding interception occurs "when the contents of a wire communication are captured or redirected in any way.").

**<u>ANSWER</u>**: ConverseNow admits that Paragraph 35 purports to characterize or describe communications between a customer and a virtual assistant, but denies that the allegations in Paragraph 35 accurately and completely describe those communications and/or the mechanics of ConverseNow's software. ConverseNow specifically denies the allegation that ConverseNow and/or its software intercepts and redirects calls to its servers for recording.

36. Within seconds, a virtual assistant introduces themselves using their "name" stating they are an employee of the store location the customer is calling and asks the customer what they would like to order today. Upon stating their order, the virtual assistant then asks the customer if they would like anything extra, including desserts. Once the customer indicates that their order is complete, the voice confirms the order with them.

**ANSWER**: ConverseNow admits that Paragraph 36 purports to characterize or describe communications between a customer and a virtual assistant, but denies that the allegations in Paragraph 36 accurately and completely describe those communications and/or the mechanics of ConverseNow's software. ConverseNow specifically denies the allegation that ConverseNow and/or its software intercepts and redirects calls to its servers for recording.

37. Next, the virtual assistant asks the customer to provide their delivery address. After confirming the address, the voice prompts the customer for their credit card information.

**ANSWER**: ConverseNow admits that Paragraph 37 purports to characterize or describe communications between a customer and a virtual assistant, but denies that the allegations in Paragraph 37 accurately and completely describe those communications and/or the mechanics of ConverseNow's software. ConverseNow specifically denies the allegation that ConverseNow and/or its software intercepts and redirects calls to its servers for recording.

38. During the duration of the call, the customer is never informed that ConverseNow is a party to the conversation.

**ANSWER**: ConverseNow denies the allegations in Paragraph 38.

39. ConverseNow's Voice AI is designed in such a way that customers believe they are only interacting solely with the restaurant they are calling to place their order. Customers are not notified prior to placing their order that their communications with the restaurant are being intercepted, recorded, and used by any third party.

**ANSWER**: ConverseNow denies the allegations in Paragraph 39.

40. ConverseNow's Voice AI was designed to record in real-time confidential phone conversations, and was designed to have the capability to analyze the same. As such, when Defendant provided its service to businesses like Domino's, it was Defendant's intention to record the communications of the restaurant's customers.

**ANSWER**: ConverseNow denies the allegations in Paragraph 40.

41. Restaurants like Domino's, likewise, fail to pursue or obtain prior consent, express or otherwise, from callers prior to allowing Defendant to record, examine, intercept, collect, and analyze the content of consumers' conversations.

**ANSWER**: ConverseNow lacks sufficient knowledge or information with which to admit or deny the allegations in Paragraph 41, and therefore denies the same.

42. In fact, Defendant's Terms and Conditions for its customers, like Domino's, provides that the customers "may not represent or imply to others that your Customer Data is in any way provided, sponsored, or endorsed by ConverseNow."[16] The terms define Customer Data as "any and all information and content that a user submits to, or uses with, the Platform (e.g., data provided by you or your customers in connection with the Platform or Services provided by ConverseNow)."[17]

[16] ConverseNow, Terms and Conditions https://conversenow.ai/terms-and-conditions/ (last accessed Jan. 21, 2025)

[17] *Id.*

**ANSWER**: ConverseNow admits that Paragraph 42 purports to quote excerpts from certain Terms and Conditions from a website, but denies that the allegations in Paragraph 42 accurately and completely describe those Terms and Conditions, and specifically denies that ConverseNow has violated CIPA or engaged in any wrongful conduct.

43. In addition to helping companies like Domino's process their phone orders, ConverseNow aggregates this information with the information collected from all of its clients employing ConverseNow Voice AI at their businesses to improve the functionality of the technology, which increases the value of ConverseNow's services when they are offered to other companies.

**ANSWER**: ConverseNow denies the allegations in Paragraph 43.

44. In fact, ConverseNow's Privacy Policy explicitly states that it uses information from callers to "improv[e] our ordering platform, advertisements, products, and services."[18] *Gladstone v. Amazon Web Servs., Inc.*, 2024 WL 3276490, at *6 (W.D. Wash. July 2, 2024) ("[T]he Court can

infer that Defendant can use the data it collects to improve its own products and services, which shows that it is capable of creating, recording, and retaining data for purposes other than sending the data back to Capital One.") (internal citations omitted).

[18] ConverseNow, Privacy Policy https://conversenow.ai/privacy-policy/ (last accessed Jan. 21, 2025).

**ANSWER**: Paragraph 44 consists of a legal argument based on excerpts from a website and a decision in the Western District of California, such that no answer appears to be necessary. To the extent that an answer is deemed necessary, ConverseNow denies that the cited excerpts accurately and completely describe ConverseNow's software and/or business operations, and specifically denies that ConverseNow has engaged in any wrongdoing based on that decision or otherwise.

45. Thus, the contractual agreement between businesses like Domino's and ConverseNow to wiretap Plaintiff's and Class Members' communications is done for the purpose of increasing profitability and efficiency, and by extension, the profits of both Defendant and its clients.

**ANSWER**: ConverseNow denies the allegations in Paragraph 45.

46. Therefore, Defendant's conduct violates the rights of consumers set forth by CIPA §§ 631 and 632.

**ANSWER**: ConverseNow denies the allegations in Paragraph 46.

## CLASS ALLEGATIONS

47. Plaintiff seeks to represent a class defined as all California residents who had the contents of their conversations intercepted and recorded by ConverseNow using its Voice AI technology during the statute of limitations period (the "Class").

**ANSWER**: ConverseNow admits only that Plaintiff purports to bring this action as a class action. ConverseNow denies that a class action is appropriate in this case, denies that Plaintiff is an appropriate representative, and denies that Plaintiff is entitled to any relief or damages whatsoever in this action. ConverseNow denies the remaining allegations in Paragraph 47.

48. Plaintiff also seeks to represent a subclass defined as all California residents who had the contents of their conversations with Domino's intercepted and recorded by ConverseNow using its Voice AI technology during the statute of limitations period (the "Subclass").

**ANSWER**: ConverseNow admits only that Plaintiff seeks to represent a subclass of California residents in this action. ConverseNow denies that a class action is appropriate in this case, denies that Plaintiff is an appropriate representative, and denies that Plaintiff is entitled to any relief or damages whatsoever in this action. ConverseNow denies the remaining allegations in Paragraph 48.

49. The Class and Subclass shall be collectively referred to as the "Classes."

**ANSWER**: ConverseNow admits only that Plaintiff purports to bring this action as a class action. ConverseNow denies that a class action is appropriate in this case, denies that Plaintiff is an appropriate representative, and denies that Plaintiff is entitled to any relief or damages whatsoever in this action. ConverseNow denies the remaining allegations in Paragraph 49.

50. The following people are excluded from the Classes: (1) any Judge presiding over this action and members of the Judge's family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**ANSWER**: ConverseNow admits that Plaintiff purports to exclude certain persons from the class, but ConverseNow denies that a class action is appropriate in this case, denies that Plaintiff is an appropriate representative, and denies that Plaintiff is entitled to any relief or damages whatsoever in this action. ConverseNow denies the remaining allegations in Paragraph 50.

51. **Numerosity:** The number of persons within the Classes are substantial and believed to amount to thousands, if not millions of persons. It is, therefore, impractical to join each member of the Classes as a named plaintiff. Further, the size and relatively modest value of the claims of the

individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendant's records.

**ANSWER**: ConverseNow denies the allegations in Paragraph 51.

52. **Commonality and Predominance:** There are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary between members of the Classes, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

(a) Whether Defendant violated CIPA §§ 631 and 632;

(b) Whether Defendant sought or obtained prior consent, express or otherwise—from Plaintiff and the Classes; and

(c) Whether Plaintiff and members of the Classes are entitled to actual and/or statutory damages for the aforementioned violations.

**ANSWER**: ConverseNow denies the allegations in Paragraph 52, including subparagraphs (a) through (c).

53. **Typicality:** The claims of the named Plaintiff are typical of the claims of the Classes because the named Plaintiff, like all other members of the Class, called a business using ConverseNow Voice AI technology and had the content of her confidential communications with the business recorded, stored, collected, read, analyzed, and/or examined by ConverseNow.

**ANSWER**: ConverseNow denies the allegations in Paragraph 53.

54. The claims of Plaintiff are typical of the claims of the Subclass because the Plaintiff, like all other Subclass members, called a Domino's stores and had the contents of her communications with Domino's recorded, stored, collected, read, analyzed, and/or examined by ConverseNow.

**ANSWER**: ConverseNow denies the allegations in Paragraph 54.

55. **Adequate Representation:** Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interest of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interest of members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

**ANSWER**: ConverseNow denies the allegations in Paragraph 55.

56. **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**ANSWER**: ConverseNow denies the allegations in Paragraph 56.

## CAUSES OF ACTION

### COUNT I
### Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631(a)

57. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER**: ConverseNow repeats and incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

**ANSWER**: ConverseNow admits only that Plaintiff purports to bring this action as a class action. ConverseNow denies that a class action is appropriate in this case, denies that Plaintiff is an appropriate representative, and denies that Plaintiff is entitled to any relief or damages whatsoever in this action. ConverseNow denies the remaining allegations in Paragraph 58.

59. CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978).

**ANSWER**: Paragraph 59 consists of a legal argument based on an excerpt cited from a decision in California, such that no answer appears to be necessary. To the extent that an answer is deemed necessary, ConverseNow denies that the cited excerpt accurately and completely describes the governing legal principles, and specifically denies that ConverseNow has engaged in any wrongdoing based on that excerpt or otherwise.

60. To establish liability under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> *or*
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> *or*
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> *or*
>
> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

**ANSWER**: Paragraph 60 consists of a legal argument based on excerpts cited from CIPA, such that no answer appears to be necessary. To the extent that an answer is deemed necessary,

ConverseNow denies that the excerpts accurately and completely describe the governing legal principles, and specifically denies that ConverseNow has engaged in any wrongdoing based on those excerpts or otherwise.

61. CIPA § 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the internet, and email. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *see also Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications").

**ANSWER**: Paragraph 61 consists of a legal argument based on excerpts cited from a decision in the Northern District of California and the Ninth Circuit Court of Appeals, such that no answer appears to be necessary. To the extent that an answer is deemed necessary, ConverseNow denies that the cited excerpts accurately and completely describes the governing legal principles, and specifically denies that ConverseNow has engaged in any wrongdoing based on those excerpts or otherwise.

62. ConverseNow is not an extension of, or a tool used by, a business utilizing its technology. Rather, ConverseNow is a "separate legal entity that offer[] [a] 'software-as-a-service' and not merely [] passive device[s]." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 520 (C.D. Cal. 2021). Defendant is intercepting and collecting the content of any conversation before said data is provided to the businesses that are the actual intended parties to the conversations. As Defendant's website explains, "guest enjoy a natural conversation with a virtual assistant" and "once [the conversation] is complete, the order is sent into the cloud[.]"[19]

[19] ConverseNow, Technology https://conversenow.ai/technology/ (last accessed Jan. 21, 2025).

**ANSWER**: Paragraph 62 consists of a legal argument based on excerpts from a website and a decision in the Central District of California, such that no answer appears to be necessary. To the extent that an answer is deemed necessary, ConverseNow denies that the cited excerpts accurately

and completely describe ConverseNow's software and/or business operations, and specifically denies that ConverseNow has engaged in any wrongdoing based on that decision or otherwise.

63. Further, ConverseNow had the capability to use the wiretapped information for its own purposes. In fact, "[b]y processing millions of live conversations each month, [Defendant's] self-learning system evolves even faster every day to improve the guest experience for next and existing partners alike."[20] Moreover, Defendant "also obtain[s] information about [callers] from other third-party sources and combine[s] such information with the information [Defendant has] collected about them."[21]

[20] *Id.*

[21] ConverseNow, Privacy Policy https://conversenow.ai/privacy-policy/ (last accessed Jan. 21, 2025).

**ANSWER**: ConverseNow admits that Paragraph 63 purports to quote excerpts from a website, but denies that the allegations in Paragraph 63 accurately and completely describe ConverseNow's software and/or business operations., and specifically denies that ConverseNow has engaged in any wrongdoing based on those excerpts or otherwise.

64. Accordingly, ConverseNow was an unbeknownst third party to any communication between Plaintiff and members of the Classes on the one hand, and any entity Plaintiff and members of the Classes were communicating with, like Domino's, on the other. *Id.* at 521; see also *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023).

**ANSWER**: ConverseNow denies the allegations in Paragraph 64.

65. At all relevant times, by using its Voice AI technology, Defendant intentionally tapped, electronically or otherwise, the lines of telephone communications between Plaintiff and members of the Classes, on the one hand, and the entities with whom Plaintiff and members of the Classes were communicating with, like Domino's, on the other hand while the electronic communications were in transit or were being sent from or received at any place within California.

**ANSWER**: ConverseNow denies the allegations in Paragraph 65.

66. At all relevant times, Defendant "records guest orders in real-time."[22]

[22] "6 Franchise Trends that Restaurant Operators Need To Know" https://conversenow.ai/resources/franchise-trends/ (last accessed Oct. 1, 2024).

**ANSWER**: ConverseNow admits that Paragraph 66 purports to quote excerpts from a website, but denies that the allegations in Paragraph 66 accurately and completely describe ConverseNow's software and/or business operations., and specifically denies that ConverseNow has engaged in any wrongdoing based on those excerpts or otherwise.

67. At all relevant times, by using its Voice AI technology, ConverseNow willfully and without the consent of all parties to the communication, or in any unauthorized manner, read, attempted to read, and/or learned the contents or meaning of electronic communications of Plaintiff and members of the Classes, on the one hand, and the entities with whom Plaintiff and members of the Classes were communicating with, like Domino's, on the other, while the electronic communications were in transit or were being sent from or received at any place within California.

**ANSWER**: ConverseNow denies the allegations in Paragraph 67.

68. At all relevant times, ConverseNow used or attempted to use the communications intercepted by its Voice AI technology to improve its products and services and generate revenue for itself and its clients.

**ANSWER**: ConverseNow denies the allegations in Paragraph 68.

69. Plaintiff and members of the Classes did not provide their prior consent to Defendant or to businesses utilizing Defendant's Voice AI technology to allow ConverseNow's intentional access, interception, reading, learning, recording, collection, and usage of Plaintiff and members of the Classes communications.

**ANSWER**: ConverseNow denies the allegations in Paragraph 69.

70. The wiretapping of Plaintiff and members of the Classes occurred in California, where Plaintiff and members of the Classes called a Domino's pizza location or other business utilizing ConverseNow, and where ConverseNow, as enabled by Domino's or another business utilizing ConverseNow, intercepted Plaintiff's and members of the Classes' communications with the businesses the customers intended to call.

**ANSWER**: ConverseNow denies the allegations in Paragraph 70.

71. By virtue of its business, Defendant intended to wiretap Plaintiff and members of the Classes by contracting with businesses such as Domino's to use its technology.

**ANSWER**: ConverseNow denies the allegations in Paragraph 71.

72. Pursuant to Cal. Penal Code § 637.2, Plaintiff and members of the Classes have been injured by Defendant's violations of CIPA § 631(a), and each seeks statutory damages of $5,000 for each of Defendant's violations of CIPA § 631(a).

**ANSWER**: ConverseNow denies the allegations in Paragraph 72.

**COUNT II**
**Violation of The California Invasion of Privacy Act,**
**Cal. Penal Code § 632**

73. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER**: ConverseNow repeats and incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

74. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

**ANSWER**: ConverseNow admits only that Plaintiff purports to bring this action as a class action. ConverseNow denies that a class action is appropriate in this case, denies that Plaintiff is an appropriate representative, and denies that Plaintiff is entitled to any relief or damages whatsoever in this action. ConverseNow denies the remaining allegations in Paragraph 74.

75. California Penal Code § 632 prohibits an entity from:

> [I]ntentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio.

**ANSWER**: ConverseNow admits only that Plaintiff appears to have quoted an excerpt from sections of CIPA but denies that this excerpt reflects the totality and substance of the statute. ConverseNow further denies that it violated CIPA in any respect.

76. ConverseNow's Voice AI technology is an "electronic amplifying or recording device."

**ANSWER**: ConverseNow denies the allegations in Paragraph 76.

77. At all relevant times, ConverseNow intentionally used its Voice AI technology to eavesdrop on the confidential telephone communications between Plaintiff and members of the Classes, on the one hand, and the entities with whom Plaintiff and members of the Classes were communicating with, like Domino's, on the other. When communicating with Domino's or other business utilizing ConverseNow technology, Plaintiff and members of the Classes had an objectively reasonable expectation of privacy. Plaintiff and members of the Classes did not reasonably expect that anyone other than the business they were calling would be on the other end of the confidential communications, nor that a third party entity like ConverseNow would be eavesdropping on and recording the confidential communications.

**ANSWER**: ConverseNow denies the allegations in Paragraph 77.

78. Indeed, Plaintiff and members of the Classes calling Domino's and other businesses utilizing ConverseNow technology disclose their name, address, and credit card information. The sensitive nature of this information enhances their reasonable expectation of privacy because such sensitive information should not be disclosed to, nor intercepted by, third parties like ConverseNow. *See Smith v. YETI Coolers, LLC*, 2024 WL 4539578, at *5 (N.D. Cal. Oct. 21, 2024) ("Plaintiff has plausibly alleged that the sensitive financial information being recorded is the type that could be reasonably considered confidential."). This is especially true when financial information in combination with personal information such as name and address can be used together by a party to commit fraudulent acts.

**ANSWER**: ConverseNow denies the allegations in Paragraph 78.

79. In fact, ConverseNow's Privacy Policy confirms it collects this confidential information, including "payment instrument number (such as credit card number), the security code associated with their payment instruction."[23]

[23] ConverseNow, Privacy Policy https://conversenow.ai/privacy-policy/ (last accessed Jan. 21, 2025).

**<u>ANSWER</u>**: ConverseNow admits that Paragraph 79 purports to quote excerpts from ConverseNow's Privacy Policy and website, but denies that the allegations in Paragraph 79 accurately and completely describe ConverseNow's Privacy Policy, and specifically denies that ConverseNow has violated CIPA or engaged in any wrongful conduct.

80. Plaintiff and members of the Classes did not provide their prior consent to Defendant or to businesses utilizing Defendant's Voice AI technology to allow ConverseNow's intentional access, interception, reading, learning, recording, and collection of Plaintiff's and members of the Classes' telephone communications.

**<u>ANSWER</u>**: ConverseNow denies the allegations in Paragraph 80.

81. The wiretapping of Plaintiff and members of the Classes occurred in California, where Plaintiff and members of the Classes called a business utilizing ConverseNow technology and where ConverseNow, as enabled by that business, routed Plaintiff's and members of the Classes' communications to ConverseNow's servers.

**<u>ANSWER</u>**: ConverseNow denies the allegations in Paragraph 81.

82. Pursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by Defendant ConverseNow's violations of CIPA § 632(a), and each seeks statutory damages of $5,000 for each of ConverseNow's violations of CIPA § 632(a).

**<u>ANSWER</u>**: ConverseNow denies the allegations in Paragraph 82.

## <u>PRAYER FOR RELIEF</u>

To the extent that any response to the Prayer for Relief is required, ConverseNow admits only that Plaintiff seeks the relief described in this unnumbered paragraph. ConverseNow denies that Plaintiff and/or the alleged putative class are entitled to any relief whatsoever. ConverseNow denies the remaining allegations in the Prayer for Relief.

ConverseNow respectfully requests that the Court enter judgment against Plaintiff's claims and in ConverseNow's favor, and award ConverseNow any of its fees and costs that are recoverable by law.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

**ANSWER**: ConverseNow denies that Plaintiff has asserted any actionable claims to be decided by the Court or a jury. Defendant demands a trial by jury if this case goes to trial.

**AFFIRMATIVE AND OTHER DEFENSES**

Alternatively, and without waiving any of the foregoing denials, ConverseNow asserts the affirmative and additional defenses below. In setting forth these defenses, ConverseNow does not assume any burden of proof as to any fact issue or other element of any cause of action or defense that properly belongs to Plaintiff. All defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff or any member of the putative class are entitled to any relief whatsoever from ConverseNow. Moreover, in asserting defenses as to the putative class members' claims, ConverseNow in no way concedes that any class may properly be certified and expressly reserves its right to oppose class certification. ConverseNow additionally reserves the right to amend, alter, or supplement its defenses.

1. Plaintiff's claims and the claims of any putative class member(s) are barred to the extent they seek remedies beyond those provided for in the California Invasion of Privacy Act.

2. Plaintiff's claims and the claims of any putative class member(s) are barred, in whole or in part, by the applicable statute of limitations and/or are otherwise untimely.

3. Plaintiff's claims and the claims of any putative class member(s) fail, in whole or in part, to state claims upon which relief can be granted.

4. Plaintiff's claims and the claims of any putative class member(s) are barred to the extent they waived and/or released the claims asserted in the Complaint.

5. Plaintiff and the members of the putative class and putative subclass whom Plaintiff purports to represent provided express or implied consent or acquiescence to the alleged recording, analysis, or other processing of their interactions with Domino's and/or ConverseNow, which bars the claims in the Complaint.

6. Plaintiff's claims and the claims of any putative class member(s) are barred to the extent that Defendant's conduct was not the actual or proximate cause of any loss suffered by Plaintiff and/or putative class members.

7. To recover damages under CIPA, a plaintiff must demonstrate that a defendant intentionally eavesdropped with any telegraph or telephone wire or with an "instrument of any internal telephone communication system." Cal. Penal Code § 631(a). Defendant did not and Plaintiff cannot establish that Defendant intentionally wiretapped and/or eavesdropped on any alleged communications of Plaintiff and/or any putative class member(s).

8. Plaintiff cannot establish her claim under CIPA against Defendant because ConverseNow is not a "third party" to the alleged communications at issue. Defendant is a software vendor and not a third-party eavesdropper, and Defendant is an extension of its customers.

9. Plaintiff's claims and the claims of any putative class member(s) are barred to the extent that Plaintiff and/or any putative class member(s) lack standing under Article III of the United States Constitution to assert claims under CIPA because Plaintiff has failed to allege a cognizable concrete injury.

10. Plaintiff's claims and the claims of any putative class member(s) fail, in whole or in part, because all communications alleged by Plaintiff are not confidential communications under CIPA.

11. Plaintiff cannot state a claim under CIPA because Plaintiff cannot allege or prove that ConverseNow has "intercepted" any communications in "real time."

12. Plaintiff cannot state a claim under CIPA because Plaintiff cannot allege or prove that ConverseNow uses the allegedly intercepted communications for independent purposes.

13. Plaintiff cannot state a claim under CIPA because Plaintiff cannot allege or prove that ConverseNow intended to violate CIPA or engage in wrongful conduct in any respect.

14. Plaintiff cannot state a claim under CIPA Section 632 because Plaintiff cannot allege or prove that ConverseNow "intentionally and without the consent of all parties to a confidential communication" used an electronic amplifying or recording device to eavesdrop upon or record a

"confidential communication," and the allegations do not establish a "confidential communication" as defined in CIPA Section 632(c).

15. To the extent the Complaint seeks equitable relief against Defendant, such claims are barred because Plaintiff has an adequate remedy at law. Specifically, Plaintiff has alleged that she is entitled to statutory damages for alleged violation of CIPA, which will result in monetary recovery if any such alleged violations are proven.

16. Because CIPA is a criminal statute, it must be construed strictly in Defendant's favor, which precludes the imposition of liability based on Plaintiff's and the putative class members' allegations and claims.

17. The claims of Plaintiff and the putative class members fail, in whole or in part, because they have not sustained any cognizable injury or damages. Plaintiff does not allege any injury beyond a technical statutory violation.

18. The claims of Plaintiff and/or the putative class are barred, in whole or in part, by equitable doctrines, including, without limitation, the doctrines of estoppel, laches, waiver, and/or unclean hands. Plaintiff voluntarily approved and participated in the conduct that the complaint alleges was wrongful without objection and is, accordingly, barred from asserting CIPA claims based on such conduct. Moreover, Plaintiff unreasonably delayed seeking recovery under CIPA, which delay materially prejudiced Defendant.

19. The claims of Plaintiff and/or the putative class are barred because, to the extent CIPA applies to the conduct alleged, Defendant substantially complied with the requirements of CIPA, including by making adequate disclosures at the time that customers voluntarily interacted with the "AI voice assistant." The actions of Defendant were undertaken for legitimate business purposes and in good faith in an effort to comply with applicable law, based on all relevant facts and circumstances known by Defendant at the time that Defendant so acted, and the actions of Defendant are thereby justified, proper, and lawful in all respects.

20. Plaintiffs' and the putative class members' claims for damages are barred in whole or in part by the Due Process Clause of the United States Constitution and/or the Constitution of the

State of California. Plaintiffs alleges that they and the putative class members are entitled to recover statutory damages for each alleged violation of CIPA. The statutory damages potentially available under CIPA, as applied to Plaintiff's and the putative class members' claims and allegations, are grossly excessive and disproportionate given that Plaintiff and the putative class members have not suffered any injury or harm to warrant such relief and, therefore, any award of statutory damages to Plaintiff or the putative class members would violate Defendant's due process rights.

21. Plaintiffs and the putative class members' claims are barred in whole or in part by the Due Process Clause of the United States Constitution and/or the Constitution of the State of Illinois because CIPA is unconstitutionally vague on its face and/or as applied in this case to Defendant.

22. The Complaint is barred in whole or in part to the extent that Plaintiffs or any putative class member failed to mitigate his or her damages. For any period of time in which Plaintiffs or the putative claims members failed to exercise reasonable diligence and ordinary care in trying to minimize their damages, Plaintiffs and the putative class members are not entitled to recover damages.

23. The claims of Plaintiff and the putative class members are barred, in whole or in part, because the recovery requested would not be a reasonable estimate of any actual damages, but instead would amount to a disparate penalty, akin to punitive damages for strict liability, given that Plaintiffs and the putative class members have not suffered any injury or incurred any harm to warrant such relief.

24. The claims of Plaintiffs and the putative class members are barred, in whole or in part, because all or part of the damages alleged in the Amended Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or members of the putative class and/or persons who acted on their behalf), for whose conduct ConverseNow is not legally responsible. Therefore, if Plaintiffs and/or members of the putative class are found to be entitled to recover any of the alleged damages, ConverseNow's share

must be apportioned or reduced to the extent that such damages are attributable to persons or entities other than ConverseNow.

ConverseNow reserves the right to assert and rely on such other defenses as may become available or apparent during the course of discovery and to amend their answer to assert such additional defenses.

WHEREFORE, having fully answered Plaintiff's Class Action Complaint, and denied any and all unlawful conduct alleged by Plaintiff, ConverseNow requests that the Complaint be dismissed in its entirely with prejudice; that Plaintiffs take nothing by way of the Complaint; that ConverseNow be awarded its costs incurred herein; and that ConverseNow be awarded such further relief as the Court deems just and proper.

Dated: January 9, 2026

Respectfully submitted,

CONVERSENOW TECHNOLOGIES, INC.

By: */s/ Hillard M. Sterling*

Hillard M. Sterling (admitted pro hac vice)
Karman Bains (admitted pro hac vice)
ROETZEL & ANDRESS, LPA

Stephen S. Wu
Marc G. van Niekerk
SILICON VALLEY LAW GROUP

*Attorneys for Defendant ConverseNow Technologies, Inc.*